MARYLAND DISTILLING CO. OF BALTIMORE CITY v. MILES, Internal Revenue Collector.

(District Court, D. Maryland. November 19, 1919.)

INTOXICATING LIQUORS ☞17—CONSTRUCTION OF WAR PROHIBITION ACT AS CONTINUING TILL RATIFICATION OF PEACE TREATY DOES NOT MAKE IT INVALID.

The construction of the War Time Prohibition Act (Comp. St. Ann. Supp. 1919, §§ 3115 11/12f–3115 11/12h), to give effect to the provision that it shall continue for the duration of the war, does not make it invalid and unconstitutional, though because of failure to ratify the treaty of peace the war was not terminated until long after the emergency to meet which the act was passed had terminated by demobilization of the army.

In Equity. Suit by the Maryland Distilling Company of Baltimore City against Joshua W. Miles, as Internal Revenue Collector. On motion to dismiss the bill. Motion granted, and bill dismissed.

William L. Marbury, William L. Rawls, Albert J. Fleischmann, and Samuel J. Fisher, all of Baltimore, Md., for plaintiff.

Samuel K. Dennis, U. S. Atty., of Baltimore, Md., for defendant.

ROSE, District Judge. Counsel for the plaintiff has with great ability and learning pressed the contention that the War Time Prohibition Act was unconstitutional unless it receives a construction by which it has now ceased to be in force. He says that, however unlimited the war power may be, it cannot extend, either in scope or in time, beyond the existence of an exigency which rationally can be thought to require its exercise. He argues that, with our army practically demobilized, it can be no longer necessary in any one's mind to enforce such legislation. He points out that the act by its terms may last until the conclusion of the present war, and thereafter until the termination of demobilization, the date of which shall be determined and declared by the President of the United States, and insists that, if the act be construed in such a manner that it will be effective after demobilization has been completed, it will have been unconstitutional in the first instance, as attempting to do what Congress in the exercise of the war power has no right to require done.

The answer seems to me obvious. When Congress enacted the legislation in question it was necessary, or certainly highly expedient, that there should be prescribed a definite time at which it should cease. Congress owed that duty to the public and to the persons to be affected by the act. The law ought not to mean one thing according to the view a judge in Rhode Island might take of the degree to which the war had ended, and another in Maryland because a judge there looked at that question from a somewhat different angle. Congress was called on to fix a date for the ending of the act, and if it selected a date which a rational man might naturally choose as that upon which the exigency for which the enactment was passed had ceased, I do not think the courts can interfere.

If anybody is called on to pass war legislation and wants to put a limit to it, is not the most natural limit the duration of the war? And that is the limit which Congress fixed. But it was possible that the ratification of the peace treaty might be exchanged before demobilization was completed, and then the exigency requiring the enactment in the judgment of Congress would still exist; therefore the alternative provision. It is quite clear, however, that Congress did not intend that the act should become inoperative before the conclusion of the war.

It follows that the motion of the collector to dismiss the bill must be granted.